IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK RICHARDSON and | § | |
| VERGER RICHARDSON | § | |
| | § | |
| V. | § | No. 5:09CV186 |
| | § | |
| ROBERT BRIDGES, TERRY REED | § | |
| SHELLY BENTON, BRANDON | § | |
| HARBISON, RED RIVER COUNTY, | § | |
| TEXAS, THE CITY OF | § | |
| CLARKSVILLE, TEXAS and VAL | § | |
| VARLEY | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiffs filed partial objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Mark Richardson and Verger Richardson ("Plaintiffs") are brothers. They were arrested as a result of the execution of a search warrant by the Clarksville Police Department on November 17, 2007. On November 11, 2009, they filed a lawsuit in the district court of Titus County, Texas, suing Red River County, Texas; the City of Clarksville, Texas; and Clarksville's Chief of Police Brandon Harbison. This suit also named as defendants, in their individual and official capacities, four employees of Red River County, Texas: Robert Bridges, Terry Reed, Shelly Benton (the Justice of the Peace for Red River County), and Val Varley (the County Attorney for Red River County)(collectively, "The Individual Red River Defendants"). Plaintiffs alleged federal claims

under 42 U.S.C. §§ 1983 and 1985, as well as pendant state tort law claims for violation of the due course of law provision of the Texas Constitution, civil conspiracy, false imprisonment, and intentional infliction of emotional distress. On December 11, 2009, Defendants removed Plaintiffs' lawsuit to this Court based on federal question jurisdiction.

Red River County moved to dismiss the state tort law claims against the Individual Red River Defendants pursuant to Texas Civil Practice & Remedies Code §101.106(e). Defendants argued the Texas Tort Claims Act provides for the immediate dismissal of the Individual Red River Defendants from the suit pursuant to § 101.106(e), which provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE §101.106(e).

On June 14, 2010, the Magistrate Judge issued a Report and Recommendation, recommending Red River County's motion to dismiss be granted and that Plaintiffs' state tort law claims against Bridges, Reed, Benton, and Varley be dismissed with prejudice.[1] Plaintiffs filed partial objections to the Magistrate Judge's recommendation. Specifically, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiffs' claims against Val Varley be dismissed. Plaintiffs' objection centers on the Magistrate Judge's characterization of Varley as a Red River

---

[1] On June 21, 2010, the Magistrate Judge issued an Order granting Plaintiffs' motion to stay this case pending the outcome of the state criminal proceedings. The same day, the undersigned issued an Order administratively closing the case. In that Order, the undersigned noted that any pending motions and Plaintiffs' partial objections to the Magistrate Judge's June 14, 2010 Report and Recommendation would remain pending and would be ruled upon when, and if, the Court lifted the stay and reopened this case on its active docket. On November 1, 2010, the Magistrate Judge issued an Order granting the parties' joint motion to lift the stay order, reopening this case on the Court's active docket.

2

County employee. According to Plaintiffs, Val Varley is a state official, and because he voluntarily removed his case from state to federal court, "he left behind all state-law immunities, including those that would have been afforded to him in state court by state law statutes and doctrines." Plaintiffs' partial objections at pg. 3. Plaintiffs assert this includes the statutorily-created "election of remedies" provision in the Texas Tort Claims Act relied upon by the Magistrate Judge. In other words, Plaintiffs argue the election of remedies provision, when coupled with *Meyers v. Texas*, 410 F.3d 236, 253 (5th Cir. 2005), does not permit the dismissal of tort claims against Varley here, although it would have done so in state court. *Id.*

In his response, Defendants state that in order for Varley to be an agent of the State, he had to have been acting in his prosecutorial capacity. Defendants rely on Plaintiffs' complaint, asserting it is clear by Plaintiffs' allegations that they are not challenging any action on the part of Varley in his prosecutorial capacity, and Varley is thus not properly characterized as a state actor in this case.

In *Meyers*, the Fifth Circuit Court of Appeals considered whether, in light of *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), the State of Texas waived its state sovereign immunity from suit by individuals when it removed the case from state court to federal district court. *Meyers*, 410 F.3d at 239. In Lapides, the plaintiff, a professor in the Georgia university system, brought suit against the university board and its officials under state law and for deprivation of his Fourteenth Amendment right to due process under the federal civil rights act. *Id*. at 241-42. "It was undisputed that the university board was an arm of the state and that Georgia by statute had waived its immunity from suits based on the state-law claims in state court." *Id*. at 242. The board and its officials joined in removing the case to federal court and sought dismissal. *Id.* The district court held the doctrine of qualified immunity barred Lapides' federal law claims against the officials, but the board waived

3

its Eleventh Amendment immunity by removing the case from state to federal court. *Id*. The board appealed, and the Eleventh Circuit Court of Appeals reversed. *Id.* The Supreme Court reversed, "concluding that the State's action of voluntarily agreeing to remove the case to federal court constituted a form of voluntary invocation of the federal court's jurisdiction and waiver of its Eleventh Amendment immunity." *Id*. The Court's decision did not address whether or how removal would affect federal law claims or claims with respect to which the state's underlying sovereign immunity had not been waived or abrogated in state court. *Id*. The Fifth Circuit in *Meyers* considered *Lapides* and held a state waives its immunity from suit in federal court when it removes a case involving state law and/or federal law claims from state court to federal court. *Meyers*, 410 F.3d at 249-50.

According to Plaintiffs' complaint, "Defendant Val Varley is a member of the Bar of this state and the **County Attorney of Red River County, Texas, and nothing more**." Plaintiffs' First Am. Compl. at pg. 5, ¶ 8 (emphasis added). Plaintiffs further allege Varley participated in the "raid" as described in the complaint as "something other than a prosecutor – *i.e.* as a witness and/or investigator – none of which entitle him to absolute immunity." *Id*. Plaintiffs allege Varley recused himself from the prosecutions arising from the search and arrests because of his status as a witness. *Id*. at pg. 6, ¶ 8. Finally, Plaintiffs allege Varley "acted as a fully-armed police officer during the 'raid' and thus stepped outside of his official duties as County Attorney for Red River County, Texas, for which he might otherwise claim absolute immunity. . . . Whatever else he was pretending to be, **he was not a prosecutor** with absolute immunity." *Id*. at pg. 13, ¶ 38 (emphasis added).

"Texas law makes clear . . . that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case

4

happens to be prosecuted." *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). Here, Plaintiffs specifically allege Varley was not acting in his prosecutorial capacity. Thus, Plaintiffs are not challenging any action on the part of Varley in his prosecutorial capacity, and Plaintiffs' contention that Varley was acting as a state official is without merit. Because Varley was not acting as a state official, Varley did not waive any immunities by agreeing to remove this case to federal court.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant Red River County, Texas' Motion to Dismiss Plaintiffs' State Tort Law Claims Against Defendants Robert Bridges, Terry Reed, Shelly Benton, and Val Varley (Dkt. No. 26) is **GRANTED**. It is further

**ORDERED** that the entirety of Plaintiffs' state tort law claims against Defendants Robert Bridges, Terry Reed, Shelly Benton, and Val Varley are **DISMISSED WITH PREJUDICE**.

**SIGNED this 16th day of December, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE